Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

JACOB SCHWARTZMAN, Respondent, v. MOSES COHEN, Appellant.

(Supreme Court, Appellate Term, November, 1906.)

Evidence — Hearsay — What is hearsay evidence — Statements by representatives.

In an action for work, labor and services, brought in the Municipal Court of the city of New York, testimony of the plaintiff's attorney to the effect that, before the amended answer was filed, defendant's attorney told him that he had spoken to his client, who admitted that there was no defense and wanted to know if the witness would accept the claim in full without costs, is incompetent for any purpose and its reception over objection is error.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, fourth district, borough of Manhattan.

Supreme Court, Appellate Term, November, 1906. [Vol. 51.

Louis Jersawitz, for appellant.

Moses N. Schleider, for respondent.

Dowling, J.  The controversy in this action arose over the claim on the part of the plaintiff that he had performed work, labor and services to the amount and value of one hundred and eighty-three dollars and three cents; and the defense, that the services alleged to have been performed on the part of the plaintiff were done in such an unworkmanlike manner as to be worthless.  The defendant upon the trial admitted the correctness of a claim made by the plaintiff of thirty-four dollars and seventy-five cents for labor done upon another building, and conceded his own liability for that amount unless offset by his counterclaim set up for damages for failure to perform on the part of the plaintiff.  The action was tried before the court and a jury.  Upon the trial the plaintiff was the only witness testifying in his behalf as to the character of the work, while the defendant produced several witnesses who testified that in many respects specified by them the work was carelessly and unskillfully done.  To substantiate the plaintiff's case, the plaintiff's attorney was sworn as a witness and asked himself this question: " Before the verified answer, before the amended answer had been filed in this case, did Mr. Jersawitz (defendant's attorney) offer to pay you the full amount of the case without costs ? "  This was objected to as improper and incompetent and not binding upon the defendant.  It was, however, allowed by the court and an exception taken, and the witness answered as follows:  " I had a conversation before the amended answer was filed and he told me that he spoke to his client and he admitted that there is no defense and at the same time wanted to know if I would accept the amount of the case less costs, and I told him I would like to have ten dollars costs and then the matter was adjourned three or four times with the understanding that the matter would be settled, and finally Mr. Jersawitz told me that it is not his fault and he advised his client to pay the claim, but his partner or associate was not in the office, and he wanted us

to allow some part of the face of the claim and three or four days ago I have been served with an amended answer in this case, that they have a counterclaim for $500.00." A motion to strike out this testimony as being incompetent and not binding upon the defendant was made and denied and exception taken. During the charge of the judge to the jury he used this language: " I will call your attention to the testimony, which stands uncontradicted, to the effect that this defendant, through his attorney, offered to pay the full amount of the claim if the costs would be thrown off. That is for you to consider and if you believe the work was value-less and useless, as is claimed by the defendant, whether he would agree to pay the full amount for the work, that is a circumstance for you to consider in connection with the entire evidence in this case, as to whether or not the work was improperly done." The allowance of this testimony over objection and the reference to the same in the judge's charge was clearly error. The testimony was not only hearsay, but it was merely an offer of payment or settlement on the part of the attorney for the defendant, and was incompetent for any purpose. The judgment must be reversed, and, under the circumstances, with costs to the appellant.

GILDERSLEEVE and DUGRO, JJ., concur.

Judgment reversed, with costs to appellant, and new trial ordered.